UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 7, 2020

LETTER TO COUNSEL

     RE:    *ConocoPhillips Co. v. Troy Holland, et al.*,
              Civil No. SAG-19-03259

Dear Counsel and Parties:

     I am in receipt of the two, extremely similar Motions to Dismiss, or, in the Alternative, for Judgment or Summary Judgment filed by pro se defendants Teresa Y. Holland, ECF 50, and Angela Marcos, ECF 51. I have reviewed those motions and the oppositions and replies thereto. ECF 52, 53, 54, 55. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons stated herein, the motions will be DENIED.

     In evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all allegations in the Complaint must be taken as true, and all inferences must be drawn in Plaintiff's favor. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. MTA*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), cert. denied, 565 U.S. 943 (2011). The Court is permitted, in its complete discretion, to consider materials beyond the pleadings and to convert the motion into one for summary judgment. *See* Fed. R. Civ. P. 56(d). However, in general, summary judgment should only be granted "after adequate time for discovery." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment would be entirely inappropriate in this case. The parties have not yet had the opportunity for full discovery, and Plaintiff has filed a Rule 56(d) affidavit explaining specific discovery that will be relevant to its case against both pro se defendants. *See* ECF 53-1, 52-1.

     Plaintiff does not assert fraud claims against either Ms. Holland or Ms. Marcos. Taking the allegations in the Complaint as true, and disregarding the unsupported factual allegations made by the pro se defendants in their motions, Plaintiff has sufficiently stated claims against both pro se defendants for unjust enrichment, fraudulent conveyance, and constructive trust. Accordingly, the motions to dismiss, ECF 50, 51, will be DENIED.

     Furthermore, the Court has received the written responses from Teresa Holland, ECF 57, and Angela Marcos, ECF 58. These letters indicate that another party in this case, who is not an

attorney, assisted them with preparation of their respective Motions to Dismiss, ECF 50, 51. This Court's local rules make clear that,

> Individuals who are parties in civil cases may only represent themselves. Individuals representing themselves are responsible for performing all duties imposed upon counsel by these Rules and all other applicable federal rules of procedure.

Loc. R. 101.1(a) (D. Md. 2018). All parties are expected to adhere to this requirement in the future.

Despite the informal nature of this letter, it should be flagged as an Opinion and docketed as an Order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge